# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALVARADO-PINEDA,<br><br>Defendant. | Case No. 12cr537 BTM<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT** |

Defendant Jose Alvarado-Pineda ("Defendant") has filed a motion to dismiss the indictment pursuant to 8 U.S.C. § 1326(d).  For the reasons discussed below, Defendant's motion is **DENIED**.

## I. FACTUAL BACKGROUND

On February 15, 2012, a grand jury in this district returned an indictment, charging Defendant with one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b).

On March 9, 2004, an information was filed in Washington Superior Court, charging Defendant with attempted residential burglary in violation of Wash. Rev. Code §§ 9A.28.020 and 9A.52.025.  (Gov't Ex. 1.)  Defendant pled guilty and was sentenced to 2.25 months in prison.  (Gov't Ex. 2.)

On July 27, 2004, an information was filed in Washington Superior Court, charging Defendant with robbery in the second degree in violation of Wash. Rev. Code §§ 9A.56.210 (Count I) and 9A.56.190 as well as assault in the third degree in violation of Wash. Rev. Code § 9A.36.031(1)(g) (Count II).  Defendant pled guilty to both counts and was sentenced to 14 months on Count I and 6 months on Count II.  (Gov't Ex. 4.)

On May 10, 2005, Defendant was served with a Notice of Intent to Issue a Final Administrative Removal Order.  (Def. Ex. B.)  The Notice charged Defendant with being deportable under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), "because you have been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F), a law relating to a crime of violence." On May 10, 2005, Defendant was ordered removed by a Final Administrative Removal Order.  (Def. Ex. A.) The Final Administrative Removal Order provided that Defendant was deportable as an alien convicted of an aggravated felony pursuant to § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii).  On May 13, 2005, Defendant was removed from the United States to Mexico by foot via the San Ysidro Port of Entry.

On June 23, 2005, Defendant was arrested in Washington for a probation violation. (Gov't Ex. 7 at 4.)  On July 12, 2005, Defendant was served with a Notice of Intent to Issue a Final Administrative Removal Order.  (Def. Ex. D.)  The Notice charged him as being deportable under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony.  (Id.)[1] On the form, Defendant indicated that he admitted the allegations and waived his right to contest the charges.  (Id.)  On July 20, 2005, a Final Administrative Removal Order was served on Defendant.  (Def. Ex. C.)[2]

On July 22, 2005, an information was filed in the Western District of Washington, charging Defendant with a misdemeanor and a felony count of illegal entry in violation of 8 U.S.C. § 1325.  (Gov't Ex. 8.)  Defendant pled guilty to the two charges and was sentenced

[1] On the form, someone handwrote "(F)" after "8 U.S.C. 1101(a)(43)," even though the typewritten charge does not specify that Defendant was convicted of a crime of violence.

[2] Based on the record before the Court, it appears that Defendant was not actually removed at this time.

2

12cr537 BTM

1  to 12 months and 1 day in prison.  (Gov't Ex. 9.)

2    On June 19, 2006, Defendant was served with a Notice to Appear.  (Def. Ex. F.)  The

3  Notice to Appear charged Defendant with being subject to removal pursuant to INA §

4  212(a)(6)(A)(i) (for being an alien present in the United States without being admitted or

5  paroled) and § 212(a)(2)(A)(i)(I) (for having committed a crime involving moral turpitude).

6  That same day, Defendant signed a Stipulated Request for Order.  (Def. Ex. G.)  The

7  Stipulated Request provided that Defendant admitted the factual allegations in the Notice

8  to Appear, conceded that he was deportable as charged, waived his right to apply for relief,

9  and agreed to accept a written order for his removal as a final disposition of the proceedings.

10  (Id.) On June 27, 2006, an immigration judge ordered that Defendant be removed. (Def. Ex.

11  E.)  On July 1, 2006, Defendant was removed from the United States to Mexico by foot via

12  the San Ysidro Port of Entry.  (Gov't Ex. 10.)

13    Subsequently, Defendant's June 27, 2006 removal order was reinstated three more

14  times, on October 26, 2006, July 2, 2010, and December 30, 2011.  (Def. Exs. H, I, and J.)

15    On December 20, 2006, an indictment was filed in this district in Case No. 06cr2666-

16  H, charging Defendant with being a deported alien found in the United States in violation of

17  8  U.S.C. § 1326.  On January 30, 2007, a Superseding Information was filed, charging

18  Defendant with two felony counts of illegal entry in violation of 8 U.S.C. § 1325.  That same

19  day, a Plea Agreement was filed. (Gov't Ex. 14.)  In the Plea Agreement, Defendant agreed

20  to plead guilty to the two charges in the Superseding Information.  Defendant also agreed

21  to an order of removal from the United States and waived "any right to appeal, reopen, or

22  challenge the removal order." (Id. at 10.)  Defendant was sentenced to a 48-month term of

23  imprisonment.

24    On July 2, 2010, Defendant indicated on a Notice of Intent/Decision to Reinstate Prior

25  Order that he did not wish to contest the reinstatement of his prior removal order.  (Def. Ex.

26  I.)  Defendant was removed from the United States to Mexico by foot via the San Ysidro,

27  California Port of Entry.  (Def. Ex. I.)

28

12cr537 BTM

## II. <u>DISCUSSION</u>

Defendant challenges the validity of the May 10, 2005 administrative removal, the July 27, 2006 stipulated removal, and all reinstatements of the stipulated removal.  As discussed below, the Court finds that the May 10, 2005 removal is valid.  Therefore, Defendant's motion to dismiss the indictment is **DENIED**.

A. <u>Law Governing 1326(d) Collateral Attacks</u>

To sustain a collateral attack under 8 U.S.C. § 1326(d), a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order; (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.  <u>United States v. Ubaldo-Figueroa</u>, 364 F.3d 1047, 1048 (9th Cir. 2004).  An underlying deportation order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.  <u>Id.</u>

An alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order.  <u>United States v. Arrieta</u>, 224 F.3d 1076, 1079 (9th Cir. 2000).  However, the exhaustion requirement of 8 U.S.C. 1326(d) "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process."  <u>United States v. Muro-Inclan</u>, 249 F.3d 1180, 1183 (9th Cir. 2001).

B. <u>May 10, 2005 Administrative Removal</u>

Defendant argues that the May 10, 2005 removal was invalid because he was not deportable as charged.  The Notice of Intent to Issue a Final Administrative Removal Order charged Defendant with being deportable under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), "because you have been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F), a law relating to a crime of

violence."  The Notice specifically referenced Defendant's 2004 conviction for robbery in the second degree.   Defendant argues that his conviction does not qualify as a "crime of violence" and therefore does not constitute an "aggravated felony."

An offense is a "crime of violence" if it is:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.  The term "crime of violence" "suggests a category of violent, active crimes." Leocal v. Ashcroft, 543 U.S. 1, 11 (2004).   The Ninth Circuit has held that the force necessary to constitute a crime of violence under 18 U.S.C. § 16(a) "must actually be violent in nature."   Singh v. Ashcroft, 386 F.3d 1228, 1233 (9th Cir. 2004).

To determine whether Defendant's conviction for robbery in the second degree is a "crime of violence" under § 16(a), the Court first applies the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990), under which courts compare the statute of conviction with the generic federal offense to determine whether the latter encompasses the former.  Hernandez-Cruz v. Holder, 651 F.3d 1094, 1100 (9th Cir. 2011).

Washington's robbery statute provides:

A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases *the degree of force is immaterial*. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Wash. Rev. Code § 9A.56.190.[3] (Emphasis added.)  The language "use or threatened use of immediate force, violence, or fear or injury" is similar to the language used in 8 U.S.C. § 16(a).  However, Washington case law has construed § 9A.56.190 as encompassing acts

_____

[3]  Wash. Rev. Code 9A.56.210 provides that "[a] person is guilty of robbery in the second degree if he or she commits robbery."

1  that are not violent in nature.

2      In State v. Ammlung, 31 Wash. App. 696, 704 (1983), the court stated: "Any force or

3  threat, *no matter how slight*, which induces an owner to part with his property is sufficient to

4  sustain a robbery conviction." (Emphasis added.)  The court in Ammlung held that a female

5  robber's act of blocking the victim's path to her vehicle at the time her keys were taken by

6  another robber was a sufficient threat of force to support her conviction as a coperpetrator

7  of the robbery.

8      The government argues that Ammlung should be limited to the facts of that case,

9  which involved a codefendant who used actual physical force on the victim.   However,

10  subsequent cases have reiterated that "any force or threat, no matter how slight," is sufficient

11  to sustain a robbery conviction.  For example, in State v. Collinsworth, 90 Wash. App. 546,

12  553 (1997), the defendant entered a bank, approached a teller window, and told the teller

13  in a firm, direct voice to give him money and not to give him a dye pack.  The court held that

14  even though the defendant did not utilize overt physical or verbal threats or display a

15  weapon, there was an implicit threat of force sufficient to affirm a conviction under Wash.

16  Rev. Code § 9A.56.190.  See also State v. Uhrhan, 1999 WL 615068, at *4 (Wash. Ct. App.

17  1999) (explaining that although there was no weapon or explicit threat of use of force, the

18  defendant's "manner, appearance, and tone of voice were threatening").

19      Because even the minimal use or threatened use of force may satisfy the elements

20  of robbery under the Washington statute, the Court concludes that a conviction under the

21  statute is not categorically a crime of violence under § 16(a).  The modified categorical

22  approach does not help the government because the guilty plea documents do not set forth

23  the facts of the crime but merely mimic the language of the statute.

24      Although Defendant's robbery conviction does not qualify as a crime of violence under

25  18 U.S.C. § 16(a), the Court finds that it qualifies under the residual clause of 18 U.S.C. §

26  16(b).  Under § 16(b), an offense is a crime of violence if it is a felony "that by its nature,

27  involves a substantial risk that physical force against the person or property of another may

28  be used in the course of committing the offense."

12cr537 BTM

1    In <u>United States v. McDougherty</u>, 920 F.2d 569 (9th Cir. 1990), the Ninth Circuit held

2  that a conviction for robbery under Cal. Penal Code § 211 constituted a crime of violence

3  under 18 U.S.C. § 16(b).   The Ninth Circuit rejected the defendant's argument that his

4  robbery conviction did not constitute a crime of violence because it would be possible to

5  commit the offense without the use of physical force.   The court explained:

6      Robbery as defined by California is a crime committed directly against and in
       the presence of the victim through "force or fear", and thus is certainly the kind
7      of crime that presents a serious risk that physical force may be used. As the
       district judge noted, robbery is "inherently dangerous."
8
   <u>Id.</u> at 574.
9
10    In <u>United States v. Lewis</u>, 405 F.3d 511, 514 (7th Cir. 2005), the Seventh Circuit

11  explained that theft from a person involving force or fear is always a crime of violence.  "Even

12  if the offender uses a threat rather than actual force, the victim may retaliate or flee, and

    violence erupt; this risk makes robbery a crime of violence under subsection (2)."  <u>Id.</u>
13
14    Even though it is possible to violate Wash. Rev. Code § 9A.56.190 without employing

15  or threatening to employ violent force, by attempting to deprive an individual of property

16  against his or her will, the perpetrator creates a volatile situation where the victim may

    attempt to flee, use force, or alert the authorities.  Due to the nature of the crime, there is a
17
18  substantial risk that physical force will be used during the commission of the crime, even if

19  it was not the original intent of the perpetrator.  Cf. <u>Lopez-Cardona v. Holder</u>, 662 F.3d 1110,

20  1112 (9th Cir. 2011) (holding that a residential burglary conviction under Cal. Penal Code

21  § 459 constitutes a crime of violence under 18 U.S.C. § 16(b), because anytime a burglar

22  enters a dwelling with felonious or larcenous intent, there is a substantial risk that the burglar

    will encounter one of the occupants and resort to physical force).
23
24    The Court concludes that robbery under Wash. Rev. Code  § 9A.56.190 is a crime

25  of violence under 18 U.S.C. § 16(b).  Therefore, Defendant was removable as charged, and

    the May 10, 2005 removal was valid.
26

27

28

12cr537 BTM

C. <u>July 27, 2006 Stipulated Removal and Reinstatements</u>

Defendant also challenges the July 27, 2006 stipulated removal and all reinstatements of the stipulated removal.  Defendant contends that the stipulated removal was invalid because he does not read or write in either English or Spanish, and nobody explained to him in Spanish what the Notice to Appear said and what rights he was waiving by signing the Stipulated Request for Order.

However, Defendant is barred from challenging the validity of the July 2, 2010 reinstatement as a result of the 2007 Plea  Agreement.  In the Plea Agreement, Defendant agreed to an order of removal and further agreed to waive "any right to appeal, reopen, or challenge the removal order." (Gov't Ex. 14 at 10.)  In pleading guilty to the lesser § 1325 charges, Defendant obtained a benefit and gave up his right to challenge the removal that would take place after he served his sentence.  Defendant also waived his right to collaterally attack his plea as part of the agreement. (Gov't Ex. 14 at 10.)  The waivers were a material part of the agreement and preclude Defendant from challenging the Plea Agreement or the July 2, 2010 reinstatement.

Defendant now argues that his waivers were not knowing or intelligent because his attorney at the time never informed him that he could challenge the underlying stipulated removal.  Defendant claims that he would not have entered into the guilty plea if he had known he could have challenged his prior deportation.  Although ineffective assistance of counsel may render a waiver of collateral attack involuntary, <u>see</u>  <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives the right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"), here, there has been no showing that Defendant's counsel was ineffective for not advising him that he could challenge his prior deportations.  Defendant pled guilty to violating 8 U.S.C. § 1325, which, unlike 8 U.S.C. § 1326, does not have as an element a prior deportation.  Therefore, the validity of

1  Defendant's prior convictions do not bear upon the § 1325 charges.[4]  Furthermore,

2  Defendant has not taken any action to set aside the Plea Agreement in Case No. 06cr2666-

3  H.

4       The Court holds that the government may rely on the May 10, 2005 and July 2, 2010

5  removals.

6

7  ### III.  CONCLUSION

8       For the reasons discussed above, Defendant's motion to dismiss the indictment is

9  **DENIED**.

10  **IT IS SO ORDERED.**

11  DATED:  September 25, 2012

12  _____
    BARRY TED MOSKOWITZ, Chief Judge

13      United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27      [4]  Even assuming that the Superseding Information was a result of the plea

28  negotiations, if Defendant had litigated the original § 1326 charge and prevailed, it is highly likely that the government would have then brought § 1325 charges in light of the fact that Defendant already had a prior conviction under § 1325.

9